_____

No. 95-2614
_____

Maurice R. Wilson,               *
                                 *
            Appellant,           *   Appeal from the United States
                                 *   District Court for the Eastern
     v.                          *   District of Missouri.
                                 *
Shirley S. Chater,               *
Commissioner of the Social       *
Security Administration,         *
                                 *
            Appellee.            *
                     _____

            Submitted:  January 12, 1996

               Filed:  February 15, 1996
                     _____

Before BEAM, MORRIS SHEPPARD ARNOLD, Circuit Judges, and JONES,[*]
     District Judge.
                     _____

BEAM, Circuit Judge.

     Maurice Wilson appeals the district court's[1] affirmance of the
Social Security Administration's denial of benefits.  Because we
find the district court's decision is supported by substantial
evidence in the record as a whole, we affirm.

I.   BACKGROUND

     In early 1992, Wilson filed for disability insurance benefits
and supplemental security income benefits.  The benefits were

---

     [*]The HONORABLE JOHN B. JONES, Senior United States
     District Judge for the District of South Dakota, sitting
     by designation.

     [1]The Honorable Catherine D. Perry, United States District
Judge for the Eastern District of Missouri.

denied initially and on reconsideration. Wilson then requested and was given a hearing in front of an administrative law judge (ALJ). The ALJ denied benefits and the Appeals Council denied review.

At the time of the hearing, Wilson was 56 years old and had a ninth-grade education. He suffers from hypertension, diabetes mellitus, hypoglycemia, ulcers, lower back pain, chest pain, and a hernia. Wilson had previously worked in a window factory making windows and doors, and later in the shipping and receiving department doing mainly paperwork. He had also worked as a window salesman for a contracting firm. The evidence shows that Wilson was laid off from the shipping and receiving position and voluntarily left the sales position.

Wilson testified that, on a scale of one to ten with ten being the most severe, his back pain qualified as an eight. He further testified that he could not sit for long periods of time, yet he drives to visit relatives over 190 miles away, stopping every 75 miles or so for short breaks. Similarly, Wilson claimed he was unable to lift heavy objects, yet he carries groceries home from the store and can easily lift a ten pound bag of potatoes. Wilson's most recent treating physician, Dr. Marybeth Donica, opined that although Wilson did not suffer from chronic pain, he was nevertheless disabled due to liver disease.

Of Wilson's numerous alleged medical problems, the ALJ found diabetes mellitus, hypertension, and ulcers were the only impairments supported by the record. The ALJ found these problems were under control at the time of the hearing, according to Wilson's own testimony, through a combination of diet and medication. The ALJ further found that Wilson had not informed his treating physician of his back pain. In fact, the ALJ found no complaints of or treatment for back pain in the record.

Wilson asserts the ALJ improperly discounted his subjective complaints of pain, ignored the opinion of his treating physician, and erred in finding he was able to return to his past relevant work.

## II.  DISCUSSION

Our task on review is to determine whether the denial of benefits is supported by substantial evidence in the record as a whole.  Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991).  To do so, we must evaluate the evidence in the record which supports the ALJ's decision as well as that which detracts from it.  See Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

Wilson asserts that the ALJ erred when he rejected Wilson's subjective complaints of disabling back pain.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (listing factors for consideration in evaluating subjective complaints of pain).[2]  An ALJ may not disregard a claimant's  subjective complaints of pain solely because they are not fully supported by objective medical evidence, but may properly discount the subjective complaints if inconsistencies exist in the record as a whole.  Id.; Marciniak v. Shalala, 49 F.3d 1350, 1354 (8th Cir. 1995).  The record is full of such inconsistencies.

We agree with the ALJ that Wilson's complaints of disabling back pain are inconsistent with his failure to take prescription pain medications or to seek medical treatment for his symptoms.  Wilson's extensive daily activities are also inconsistent with his subjective complaints of pain.  Although daily activities alone do

_____

[2]The Polaski factors include: (1) daily activities of claimant, (2) frequency, duration and intensity of pain, (3) precipitating and aggravating factors of pain, (4) effectiveness of pain medication and side effects therefrom, (5) functional restrictions pain places on claimant.  Polaski, 739 F.2d at 1322.

not disprove disability, they are a factor to consider in evaluating subjective complaints of pain.  Russell v. Sullivan, 950 F.2d 542, 545 (8th Cir. 1991).  Simply put, there was little evidence to support the degree of pain alleged.

Wilson also argues that the ALJ ignored the opinion of his treating physician, Dr. Donica, that Wilson was disabled due to liver disease.  That opinion was not supported by any medical evidence in the record.  In fact, Wilson himself made no such claim in his applications for benefits.  Although the opinion of a treating physician is entitled to great weight, Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir. 1995) (citing Ward v. Heckler, 786 F.2d 844, 846 (8th Cir. 1986)), such an opinion is not conclusive and must be supported by medically acceptable clinical or diagnostic data.  Barrett v. Shalala, 38 F.3d 1019, 1023 (8th Cir. 1994).  Because this record contains no such support, the ALJ properly discounted the treating physician's opinion.

A five-step analysis exists for evaluating a claimant's application for disability benefits.  See 20 C.F.R. § 404.1520(a)-(f).  Those steps require the claimant to show that he: (1) is not engaged in substantial gainful activity; (2) has a medically severe impairment which precludes engaging in substantial gainful activity; or (3) has an impairment which meets the listing in the regulations; (4) is unable to return to past relevant work; and (5) is unable to engage in other positions which exist in significant numbers throughout the national economy.

As the ALJ found, Wilson has not demonstrated that he has a medically severe impairment.  Of Wilson's numerous alleged medical problems, diabetes mellitus, hypertension, and ulcers are the only impairments supported by medical evidence in the record.  Wilson

conceded these problems were controllable by diet and medication.[3] Accordingly, they cannot be considered disabling. Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993).

The ALJ further found that Wilson's impairments were not severe enough to prevent him from returning to his past relevant work. Wilson concedes that he is able to return to his past position in the shipping and receiving department at the window factory, but contends that such work does not constitute "past relevant work" within the meaning of the statute because the position no longer exists. 42 U.S.C. § 423(d)(2)(A).[4] There is no requirement that a particular job exist in the national economy in significant numbers in order to constitute "past relevant work." See Rater v. Chater, No. 95-1654, slip op. at 6 (8th Cir. January 10, 1996); Social Security Ruling 82-61. Furthermore, the ALJ also found that Wilson could return to the sales position. The ALJ's conclusion that Wilson was capable of returning to his past relevant work was supported by substantial evidence in the record as a whole.

---

[3]The record also contains numerous opinions by doctors, including Wilson's treating physician Dr. Donica, that Wilson's ailments were "under control" at the time of their respective examinations.

[4]This concession was made at the hearing. A vocational expert also testified that Wilson would be able to return to his past work. Wilson argues that the hypothetical posed to the vocational expert was inadequate as it failed to include Wilson's disabling pain. The hypothetical was sufficient, however, because it set forth all impairments found credible by the ALJ. House v. Shalala, 34 F.3d 691, 694 (8th Cir. 1994). Furthermore, the testimony of the vocational expert was not necessary for the ALJ's decision because the ALJ found Wilson could return to his past relevant work. Vocational expert testimony is normally only necessary when determining whether other work in which the claimant could engage is available in the national economy. Wingert v. Bowen, 894 F.2d 296, 298 (8th Cir. 1990).

## III. CONCLUSION

Because the decision to deny social security benefits to Wilson is supported by substantial evidence in the record as a whole, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-