United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 96-3304SI

Delores Rogers,                              *
                                             *
            Appellant,                       *
                                             *   On Appeal from the United
      v.                                     *   States District Court
                                             *   for the Southern District
                                             *   of Iowa.
Shirley Chater, Commissioner of the          *
Social Security Administration,              *
                                             *
            Appellee.                        *

_____

Submitted:  May 23, 1997
    Filed:  July 2, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, BOWMAN and MORRIS SHEPPARD
      ARNOLD, Circuit Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

      Delores Rogers appeals the denial of her application for Social Security disability
benefits.  The District Court[1] upheld the decision of the Commissioner, and we affirm.

_____

      [1]The Hon. Harold D. Vietor, United States District Judge for the Southern
District of Iowa.

## I.

Delores Rogers filed for Social Security disability benefits in July, 1990, alleging that she became disabled in March, 1982. Her application has a long procedural history within the Social Security Administration ["SSA"], but was ultimately denied when the May 1994 decision of Administrative Law Judge ["ALJ"] John P. Johnson became the final decision of the Commissioner. The District Court, finding that the ALJ's decision was supported by substantial evidence and not affected by error of law, affirmed. Rogers appeals, alleging that the ALJ improperly rejected the opinion of her treating physician, and that the hypothetical question asked of the vocational expert was inadequate.

To be eligible for disability benefits, Rogers must show she was disabled between March 11, 1987, and December 31, 1987. She is limited to this period of time for two reasons. First, Rogers filed an application, prior to the one currently at issue, which was rejected by the SSA on initial determination on March 10, 1987. Since no new evidence exists to cast doubt on that decision, it stands as the final determination that Rogers was not disabled on or before March 10.[2] Second, December 31, 1987, was the last date Rogers met the earnings requirement of the Social Security Act, and is therefore the final date of her eligibility. The ALJ found that she was not disabled during that time period.

## II.

Rogers has several physical conditions which she argues rendered her disabled within the meaning of the Social Security Act during the relevant time period. She had a pinched nerve in her back, for which she had surgery; a pinched nerve in her neck; arthritis in her spine; and bursitis in her left shoulder. She experienced pain in her neck,

---

[2]The ALJ so held, and Rogers does not challenge that holding on appeal.

shoulder, left arm, and lower back. The ALJ found that her impairments were severe, but determined they were not severe enough to meet the criteria of the "Listing of Impairments" of the Act and accompanying regulations. Relying on the testimony of a vocational expert, the ALJ found that there were jobs in significant numbers in the national economy which Rogers could perform. He concluded that she was therefore not disabled for purposes of awarding Social Security disability benefits.

Rogers argues the ALJ improperly rejected the opinion of her treating physician, Dr. Goettsch. Specifically, she argues that the ALJ used an improper standard in evaluating Goettsch's opinion, preferring the Commissioner's "non-acquiescent" standard over the established law of this Circuit. To the extent decisions from that agency do not comport with this Court's holdings, they are in error, and will be reversed when and if they come before us on appeal. See Hutchison v. Chater, 99 F.3d 286, 287-88 (8th Cir. 1996). The Commissioner's policy of non-acquiescence is flagrantly unlawful. In this case, however, the ALJ's treatment of Goettsch's opinion was not contrary to Eighth Circuit law.

This Court's cases require the SSA to give treating physicians' opinions great weight, but "such an opinion is not conclusive in determining disability status, and the opinion must be supported by medically acceptable clinical or diagnostic data." Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996). The opinion of a treating physician can be discounted if other assessments are supported by better or more thorough medical evidence. Ward v. Heckler, 786 F.2d 844, 846 (8th Cir. 1986). In assessing Rogers's ability to work, the ALJ gave controlling weight to the opinions of specialists who treated Rogers, because their reports were prepared closer to the time Rogers seeks to prove she was disabled, and to the time when she was actually treated for a given medical problem. Goettsch, who found that Rogers's impairments were far more severe than the specialists did, issued his finding in March 1994--several years removed both from Rogers's treatment and from the time period in 1987 relevant to her Social Security application. The ALJ was not required to believe the opinion of Rogers's

treating physician, when, on balance, the medical evidence convinced him otherwise.[3] We see no evidence that the ALJ failed to accord Dr. Goettsch's opinion proper consideration.[4]

## III.

Rogers also argues that, at her hearing, the ALJ asked the vocational expert a hypothetical question which inadequately described her physical limitations, and that the vocational expert's opinion that there is work she can perform is therefore flawed. Rogers again bases her argument on the ALJ's failure to rely on Dr. Goettsch's analysis of Rogers's condition. As explained above, it was not error for the ALJ to consider Goettsch's opinion in the way that he did.

We agree with the District Court that the ALJ's opinion correctly applied the law and was supported by substantial evidence on the record as a whole.

---

[3]There was also evidence that Goettsch himself did not place any restrictions on Rogers during the relevant time period. If so, then Goettsch's 1994 opinion could be seen to contradict his own prior assessments, as well as the opinions of other doctors who treated her.

[4]Rogers argues that the ALJ erred in opining that he "c[ould] only reasonably conclude Dr. Goettsch has been persuaded by a desire to help his long-term patient get . . . benefits." Appellant Add. 3. The ALJ made that statement to explain why he did not consider Goettsch's opinion to be "new evidence" sufficient to re-open Rogers's first application, which was denied on March 10, 1987. The ALJ noted that earlier, in 1990, Goettsch had declined to comment on Rogers's physical limitations, because he didn't feel qualified to do so. Goettsch instead referred the state agency that sought a disability determination to specialists who had treated Rogers. In 1994, however, Goettsch apparently changed his mind, and gave an assessment of Rogers's functional capacity. It was not error for the ALJ to consider that inconsistency, and the time lapse between the 1987 time frame and the 1994 assessment, in evaluating Goettsch's opinion.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.