# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1601

_____

| | | |
|---|---|---|
| Albert Rankin, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of South Dakota |
| | * | |
| Kenneth S. Apfel, | * | |
| Commissioner of Social Security, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 18, 1999
Filed:  November 9, 1999

_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Albert Rankin injured his neck in a work-related accident in March 1991.  On January 12, 1994, he filed for social security disability benefits, alleging that he is unable to work due to disabling pain in his neck and shoulders.  After a hearing, an Administrative Law Judge found Rankin disabled for the period from January 13, 1994 until April 3, 1996, but not thereafter, concluding that Rankin's injury had improved sufficiently to allow him to perform light work.  After a failed administrative appeal,

Rankin filed suit in the District Court,[1] challenging the administrative determination that he is no longer disabled. The District Court granted summary judgment to the Commissioner of Social Security. Rankin appeals, and we affirm.

We must affirm a determination of the Commissioner where substantial evidence in the record as a whole supports his decision. See Burress v. Apfel, 141 F.3d 875, 878 (8th Cir. 1998). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." Cox v. Apfel, 160 F.3d 1203, 1206-07 (8th Cir. 1998). We also evaluate whatever evidence contradicts the Commissioner's decision, rather than simply searching the record for supporting evidence. See id. at 1207.

It is undisputed that Rankin suffered, and continues to suffer, pain in his upper back and neck. The question, however, is whether the pain is so severe as to be disabling. See Hutton v. Apfel, 175 F.3d 651, 654 (8th Cir. 1999). On that question, the credibility of Rankin's description of the effects of the pain is crucial. We therefore evaluate Rankin's subjective complaints in light of the objective evidence pertaining to: (1) his daily activities; (2) the duration, frequency, and intensity of the pain; (3) the dosage, effectiveness, and the side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. See id. at 654-55 (citing Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted)).

For the period between January 13, 1994 and April 3, 1996, the ALJ found that Rankin's subjective complaints of pain were consistent with the other evidence and therefore were credible. For the period after April 3, 1996, however, the ALJ found that the objective evidence was inconsistent with Rankin's claim of disabling pain and

_____

[1]The Honorable RICHARD H. BATTEY, United States District Judge for the District of South Dakota.

therefore that Rankin's complaints concerning the seriousness of his pain were not credible. Rankin argues that this latter finding is not supported by substantial evidence.

The record, as a whole, fully supports the ALJ's conclusion that Rankin's subjective complaints about his condition after April 3, 1996 were not credible. Thus, the ALJ properly determined that after April 3, 1996, Rankin was capable of performing light work. Rankin's daily activities, his physical-therapy records, a functional-capacity assessment, and his infrequent use of prescription pain medication combine to support the ALJ's finding that Rankin's condition had improved and that he was no longer disabled. Though the record includes evidence tending to support Rankin's claim, "[w]e may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome." Hutton v. Apfel, 175 F.3d 651, 654 (8th Cir. 1999).

Rankin's daily activities are inconsistent with disabling pain. In 1995 and 1996, he took coursework in ranch management for a year and a half and was able to attend hour-long classes. Rankin quit only after the program required him to perform more arduous physical tasks, such as working with livestock. In late 1996 or early 1997, Rankin was able to travel 750 miles in an automobile, stopping only every three hours. All of this evidence supports the ALJ's finding that Rankin's allegations of severe limitations because of pain are not credible. See Melton v. Apfel, 181 F.3d 939, 941-42 (8th Cir. 1999); Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999).

Rankin's physical-therapy records also show a marked improvement in his condition. Rankin went to therapy only intermittently and, according to his therapist's notes, at the times when Rankin faced the worst pain. The frequency of his treatments decreased over time, with occasional flare-ups of pain in his neck and shoulders. On November 11, 1995, Rankin elected to discontinue treatment. The documents relating to his discharge indicate that while he was not pain-free, he had accomplished his short-term goals of reducing pain, increasing strength, and increasing flexibility. After

an automobile accident in January 1996, Rankin's condition worsened, and he returned to therapy for a few visits. He was discharged again on February 9, 1996, with the therapist's note that Rankin "is doing very well." He returned for only one more visit, on February 14, because of a flare-up. Rankin's decision not to attend physical therapy more often, as well as the results of the physical therapy administered, undercut his allegations of disabling pain. See Harwood v. Apfel, 186 F.3d 1039, 1045 (8th Cir. 1999); Black v. Apfel, 143 F.3d 383, 386-87 (8th Cir. 1998).

On April 2, 1996, Anthony Yurick, another physical therapist, performed a functional-capacity assessment on Rankin. Based on a battery of tests including motion and lifting, Yurick concluded that Rankin could work an eight-hour day, including frequent lifting of approximately ten pounds and occasional lifting of approximately thirty pounds. Yurick also evaluated the length of time that Rankin could sit, stand, and walk, concluding that Rankin could sit for three to four hours in an eight-hour workday, 30-35 minutes at a time, that Rankin could stand for three hours a workday, 20-25 minutes at a time, and Rankin could walk moderate distances for four to five hours a workday. While not the opinion of a physician, this assessment is evidence that further supports the ALJ's credibility finding. See Stephens v. Shalala, 50 F.3d 538, 541-42 (8th Cir. 1995).

The record also shows that Rankin did not frequently use prescription drugs for pain control. While he had prescriptions for several stronger medications, he primarily used only over-the-counter pain-relief remedies, particularly starting in 1996. This is yet more evidence to support the ALJ's credibility determination. See Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999).

Rankin's chief argument is that the ALJ did not properly credit the testimony of the treating physician, Dr. Goff, who opined that Rankin was "unable to tolerate" full-time, light-duty employment. A treating physician's opinion is normally entitled to great weight. See Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996). Dr. Goff's

conclusion, however, is based heavily on Rankin's subjective complaints and is at odds with the weight of the objective evidence, including Rankin's daily activities and his physical-therapy records. In particular, Dr. Goff made repeated references to Rankin's failed efforts to complete the ranch-management program as evidence that he was unable to work. Dr. Goff was apparently operating under the mistaken assumption that Rankin quit the program because he could not tolerate sedentary classroom time. See Dep. of Dr. Goff at 11, app. at 315 ("I think that the important issue here is that [Rankin] was attempting what I would call sedentary activity; that is, school . . . . In my way of thinking it does suffice as a trial of returning to work."). Rankin explicitly testified to the contrary; he was able to attend classes, but quit because he could not handle the active components of the program, such as working with livestock. Therefore, Dr. Goff's opinion properly was not afforded deference. See Haggard v. Apfel, 175 F.3d 591, 595 (8th Cir. 1999).

We agree with the District Court that, taken as a whole, the evidence in the record that Rankin is capable of performing light work is substantial. The District Court's grant of summary judgment to the Commissioner is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.