# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1666

_____

Allen R. Prosch,        *
       *
       Appellant,        *
       *    Appeal from the United States
    v.        *    District Court for the
       *    District of Minnesota.
Kenneth S. Apfel, Commissioner of        *
Social Security,        *
       *
       Appellee.        *

_____

Submitted: October 20, 1999

Filed: February 3, 2000

_____

Before WOLLMAN, Chief Judge, LAY and LOKEN, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Allen Prosch appeals from the district court's[1] judgment affirming the denial of his application for social security disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. We affirm.

_____

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Judge for the District of Minnesota.

## I.

Prosch was born on February 4, 1941, and has a college degree in management and marketing. His past relevant work includes that of a multi-punch press machine operator, sheet metal worker, bus driver, and insurance salesperson. Prosch filed the current application for disability insurance benefits on April 18, 1994, alleging an onset disability date of June 1, 1993, which he later amended to February 9, 1991, the date of his 50th birthday. Prosch claimed that he was unable to work because of back pain caused by a series of back injuries and a degenerative back condition.

The Social Security Administration denied Prosch's application initially and again on reconsideration. Prosch then requested and received a hearing before an administrative law judge (ALJ). The ALJ evaluated Prosch's claim according to the five-step sequential analysis prescribed by the social security regulations. See 20 C.F.R. §§ 404.1520(a)-(f); see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (describing the five-step analysis). The ALJ determined that Prosch was not presently engaged in substantial gainful activity and that he had severe impairments, including low back pain with degenerative disc disease and depression, but that his impairments did not meet the criteria found in the Listing of Impairments. See App. 1, Subpart P, Regulations No. 4. The ALJ further found that although Prosch was unable to perform any of his past relevant work, he possessed the residual functional capacity to perform a limited range of sedentary work.[2] Therefore, the ALJ, after receiving the testimony of a vocational expert, concluded that Prosch could perform a significant number of jobs in the national economy and thus was not disabled.

---

[2]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

The Appeals Council denied Prosch's request for further review, and the ALJ's decision thereby became the final decision of the Commissioner. Prosch then sought review in the district court, which affirmed the Commissioner's decision. On appeal, Prosch contends that: (1) the ALJ failed to grant proper weight to the opinion of his treating physician; and (2) the hypothetical question posed to the vocational expert did not adequately reflect Prosch's physical impairments.

## II.

"Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." Clark v. Apfel, 141 F.3d 1253, 1255 (8th Cir. 1998). Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. See Cox v. Apfel, 160 F.3d 1203, 1206-07 (8th Cir. 1998). In determining whether existing evidence is substantial, we consider "evidence that detracts from the Commissioner's decision as well as evidence that supports it." Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999). "We may not reverse the Commissioner's decision merely because substantial evidence supports a contrary outcome." Id.

## A.

We first consider Prosch's contention that the ALJ failed to grant proper weight to the opinion of his treating physician, Dr. Paul Crowe. At the administrative hearing, Prosch submitted a residual functional capacity evaluation performed by Dr. Crowe in which Dr. Crowe opined that Prosch had been unable to perform any form of sedentary work since 1990. This evaluation, if given the controlling weight that Prosch claims was proper, would have required the ALJ to find that Prosch was unable to perform any job in the national economy and therefore was disabled. The ALJ, however, rejected Dr. Crowe's opinion in favor of the evaluations of three other physicians. Prosch

contends that the ALJ failed to provide sufficient reasons for doing so and thus erred in rejecting Dr. Crowe's opinion.

The opinion of a treating physician is accorded special deference under the social security regulations. The regulations provide that a treating physician's opinion regarding an applicant's impairment will be granted "controlling weight," provided the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). Consistent with the regulations, we have stated that a treating physician's opinion is "normally entitled to great weight," Rankin v. Apfel, 195 F.3d 427, 430 (8th Cir. 1999), but we have also cautioned that such an opinion "do[es] not automatically control, since the record must be evaluated as a whole." Bentley v. Shalala, 52 F.3d 784, 785-86 (8th Cir. 1995). Accordingly, we have upheld an ALJ's decision to discount or even disregard the opinion of a treating physician where other medical assessments "are supported by better or more thorough medical evidence," Rogers v. Chater, 118 F.3d 600, 602 (8th Cir. 1997), or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions, see Cruze v. Chater, 85 F.3d 1320, 1324-25 (8th Cir.1996).

Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must "always give good reasons" for the particular weight given to a treating physician's evaluation. 20 C.F.R § 404.1527(d)(2); see also SSR 96-2p. Prosch contends that the ALJ failed to do so in this case. We disagree, for we believe that the ALJ provided two good reasons for refusing to grant Dr. Crowe's opinion controlling weight.

First, the ALJ found that Dr. Crowe's opinion that Prosch had been disabled since 1990 was suspect in light of an opinion given by Dr. Crowe some three weeks earlier in which he concluded that Prosch had been "totally disabled . . . since May 13, 1976," a conclusion that he apparently reached after reviewing the very same

-4-

information that formed the basis of his subsequent opinion. In evaluating the reliability of a treating physician's opinion, both the regulations and our case law require the ALJ to consider the opinion in light of the record as a whole. See 20 C.F.R. § 404.1527(b)-(c); Bentley, 52 F.3d at 785-86. The ALJ therefore did not err in considering Dr. Crowe's first opinion--that Prosch had been disabled since 1976--in evaluating the reliability of his second opinion--that Prosch had been disabled since 1990. Contrary to Prosch's assertions, this remains so even though Prosch did not offer Dr. Crowe's first assessment in support of his disability claim but rather relied solely on Dr. Crowe's second evaluation. Dr. Crowe's first opinion was part of the record and thus was properly considered by the ALJ in weighing the reliability of Dr. Crowe's subsequent opinion.

Furthermore, we find that, in light of the contents of Dr. Crowe's first opinion, the ALJ did not err in discounting the reliability of Dr. Crowe's subsequent opinion. We have recognized that it is proper for an ALJ to accord a treating physician's opinion less deference when the treating physician offers an additional assessment that undermines the reliability of the opinion relied upon by the claimant. See Cruze, 85 F.3d at 1325 (according a treating physician's opinion less deference where the treating physician offered inconsistent opinions); see also Johnson v. Chater, 87 F.3d 1015, 1018 (8th Cir. 1996). In his first opinion, Dr. Crowe concluded that Prosch had been totally disabled since 1976, a conclusion that is wholly inconsistent with the undisputed evidence that Prosch performed substantial gainful activity, including full-time employment, throughout the 1980s and until 1991. The ALJ was therefore justified in finding that Dr. Crowe's first opinion undermined the reliability of his second opinion, given some three weeks later and apparently based upon the same information that Dr. Crowe relied upon in reaching the first opinion.

Second, the ALJ discounted the reliability of Dr. Crowe's opinion that Prosch had been disabled since 1990 because the ALJ found that Dr. Crowe's evaluation was inconsistent with the medical evaluations of three other physicians. It is well

established that an ALJ may grant less weight to a treating physician's opinion when that opinion conflicts with other substantial medical evidence contained within the record. See, e.g., Haggard v. Apfel, 175 F.3d 591, 595 (8th Cir. 1999); Rogers, 118 F.3d 600, 602 (8th Cir. 1997). Moreover, an ALJ may credit other medical evaluations over that of the treating physician when such other assessments "are supported by better or more thorough medical evidence." Rogers, 118 F.3d at 602; see also Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996); Ward v. Heckler, 786 F.2d 844, 846-47 (8th Cir. 1986).

Here, Dr. Crowe's opinion conflicted with the medical assessments of every other physician of record, all of whom concluded that Prosch was able to perform work activities beyond those required to perform sedentary work. Dr. Bruce Cameron, who treated Prosch in 1993 for lower back pain and a shoulder injury, found that Prosch was able to work so long as he did not lift more than ten pounds and did not bend, walk, or stand for more than three out of every eight hours. Dr. Paul Yellin, who examined Prosch in February of 1994, similarly found that Prosch was capable of performing a wide range of work activities provided that he did not regularly lift more than twenty-five to thirty pounds. Although Dr. Yellin's examination was performed in connection with a workers' compensation claim, the ALJ was entitled to consider this opinion in relation to Prosch's social security claim. Cf. Kirby v. Sullivan, 923 F.2d 1323, 1327 (8th Cir. 1991) (stating that disability determinations of other entities are relevant to disability rulings made by the SSA). Also, contrary to Prosch's contention, we believe that the ALJ properly found that Dr. Yellin's evaluation encompassed Prosch's back condition and not just an unrelated shoulder injury. Finally, Dr. Andrew Steiner, the impartial medical expert who testified at the administrative hearing after reviewing Prosch's medical records, concluded that Prosch was able to perform sedentary work if appropriate sitting and lifting restrictions were imposed.

Prosch offers two final challenges to the ALJ's decision to reject Dr. Crowe's opinion, both of which rely upon the regulations. First, Prosch contends that 20 C.F.R. § 404.1527(d)(2) mandates that an ALJ cannot refuse to grant a treating physician's

opinion controlling weight unless the ALJ finds that the opinion was not "well-supported by medically acceptable clinical and laboratory diagnostic techniques," a finding not made by the ALJ in this case. Although a finding that a treating physician's opinion is not so supported may in certain circumstances support the discrediting of a treating physician's evaluation, we do not believe that such a finding is required. This conclusion is fully supported by section 404.1527(d)(2) itself, which provides that a treating physician's opinion is accorded controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques *and* is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2) (emphasis added).

Second, Prosch argues that the opinion of Dr. Crowe, an orthopedic specialist, is entitled to greater weight than the opinions of the other physicians of record because of 20 C.F.R. § 404.1527(d)(5), which provides that the opinion of a specialist is accorded greater weight than the opinion of a general physician. We have held, however, that this rule does not apply where the opinion of the specialist is controverted by substantial evidence or is otherwise discredited. See Riley v. Shalala, 18 F.3d 619, 622-23 (8th Cir. 1994). Because Dr. Crowe's opinion was contrary to other substantial medical evidence, it accordingly was not entitled to special deference under section 404.1527(d)(5).

In sum, we hold that substantial evidence supports the ALJ's decision not to abide by the opinion of Prosch's treating physician, Dr. Crowe.

**B.**

Prosch also claims that the hypothetical question posed to the vocational expert at the administrative hearing did not accurately reflect the limitations imposed on Prosch by his back condition. Prosch's argument, however, rests upon his belief that the ALJ should have granted controlling weight to Dr. Crowe's testimony and that,

accordingly, the hypothetical should have incorporated the limitations set forth by Dr. Crowe. This argument fails, however, in light of our holding that the ALJ properly rejected Dr. Crowe's opinion in favor of other substantial medical evidence. The hypothetical posed by the ALJ properly reflected the impairments that the ALJ found to be supported by the record; the ALJ was not required to include impairments not so supported. See Haggard, 175 F.3d at 595 ("A hypothetical question is sufficient if it sets forth the impairments which are accepted as true by the ALJ." (citations omitted)).

The judgmet is affirmed.

LAY, Circuit Judge, dissenting.

I must respectfully dissent.

In all due respect, I believe justice would be better served in this case by granting benefits or, at the very least, by requiring a re-evaluation of the claimant's condition under the Administration's existing rules and regulations. The majority opinion discredits the testimony of Prosch's treating physician, Dr. Crowe. It does so because Prosch performed substantial gainful activity during a time period that Dr. Crowe opined him to be "totally disabled." However, Dr. Crowe's opinion simply observed that, due to an earlier injury, claimant had been disabled since 1976. In order to evaluate whether a physician is being honest in giving a medical opinion, administrative law judges, magistrate judges and Article III judges are required to acknowledge the full record. Upon review of the record, there is no question Dr. Crowe was cognizant that the claimant had worked since 1976. It defies common sense for the ALJ to discredit Dr. Crowe's statement when the latter was fully aware of Prosch's attempt to perform lighter work.[3]

_____

[3]Dr. Crowe reviewed the medical records of his colleague, Dr. Salovich, who was claimant's orthopedic surgeon since 1978. Prosch had a serious accident at work

Furthermore, a claim for benefits should not be denied simply because an injured claimant previously tried to do light work and avoid a premature award of disability benefits. Social security claims must necessarily be proven by hearsay reports by physicians. See Richardson v. Perales, 402 U.S. 389, 402 (1971). However, the inability of physicians to fully explicate their medical findings and opinions should not penalize laypersons who seek benefits because of their pain and deficient residual functional capacities.

The majority opinion further allows the opinions of nonspecialists to override the expert opinion of treating orthopedic specialists. While I do not dispute the holdings in Cruze and Rogers, I feel that the ALJ and the majority have failed to consider the language in Social Security Ruling 96-2p, which provides:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

---

in 1976 and injured his back. Subsequently, he felt compelled to go to school and train himself for light jobs, during which he continued to see Dr. Salovich. Dr. Crowe was privy to all of Dr. Salovich's reports which repeatedly recite Prosch's engagement in light work. Dr. Crowe was obviously aware of Dr. Salovich's observations that Prosch's disability, throughout this period of time, was increasing in severity notwithstanding his attempt to carry on lighter jobs. Thus, Dr. Crowe was fully aware that Prosch continued to do light work during that time, testing his pain and endurance without filing for benefits.

SSR 96-2p (West Feb. 1999).

The five factors to be considered under 20 CFR 404.1527(d) are: (1) the length of the treatment relationship; (2) the nature and extent of the treatment relationship; (3) the quantity of evidence in support of the opinion; (4) the consistency of the opinion with the record as a whole; and (5) whether the treating physician is also a specialist. The ALJ failed to consider factors (1), (2) and (5).

I also dissent from the majority's treatment of the hypothetical posed to the vocational expert. The ALJ did not acknowledge Prosch's four-hour sitting limitation as a factor in his residual functional capacity assessment. This is the most important factor in the overall evaluation of the claimant's case. Social Security Ruling 96-8p states:

> RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A "regular and continuing basis" means <u>8 hours a day, for 5 days a week</u>, or an equivalent work schedule.

SSR 96-8p (West Feb. 1999) (emphasis added).

The ALJ made no reference to Prosch's limited ability to sit for given amounts of time. The ALJ simply found that Prosch required a sit-stand option in any future employment, and he was limited to two hours of standing each day. The majority excuses this oversight by finding that since Dr. Crowe opined that Prosch had a four-hour sitting limitation and his opinion was properly discounted, the ALJ was correct in ignoring the limitation. However, neither the ALJ nor the majority point to any other evidence in the record specifically rejecting that opinion. I have trouble understanding how the ALJ could reject Dr. Crowe's sitting limitation when it is not directly challenged in the record. This is especially important when one considers that the Vocational Expert specifically testified that none of the other jobs for which he found

-10-

Prosch qualified would be available to an individual with a four-hour sitting limitation. (Tr. 61-62.)  Under the circumstances, it is difficult to deny benefits outright without further evaluation; thus, I would remand the case.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.