# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2611

_____

Lorrie A. Gagne,                          *
                                          *
          Appellant,                      *
                                          *     Appeal from the United States
     v.                                   *     District Court for the
                                          *     Western District of Missouri.
Kenneth S. Apfel, Commissioner of         *
Social Security,                          *          [UNPUBLISHED]
                                          *
          Appellee.                       *

_____

Submitted: April 6, 2000
Filed: April 24, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Lorrie Gagne appeals from the District Court's[1] grant of summary judgment in favor of the Social Security Commissioner, upholding the decision to deny Gagne's application for disability insurance benefits. We affirm.

_____

[1] The Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Gagne applied for benefits in October 1994, alleging she could not work because of depression and chronic back and pelvic pain. After her applications were denied initially and upon reconsideration, a hearing was held before an administrative law judge (ALJ). At the hearing the ALJ posed a hypothetical to a vocational expert (VE) describing a claimant of Gagne's age and work experience with the following mental limitations: moderately restricted in activities of daily living and social functioning; seldom (up to two or three times per week) deficient in concentration, persistence, or pace so as to preclude the timely completion of tasks; and having had one or two episodes of deterioration or decompensation at work. The VE responded that such a claimant could not return to Gagne's past relevant work but could work as an information or appointment clerk, both unskilled sedentary jobs.

After the hearing, Gagne was examined by a consulting psychiatrist at the ALJ's request. In his work-related-activities assessment, the consulting psychiatrist rated Gagne poor—i.e., function is seriously limited but not precluded—in relating to coworkers; interacting with supervisors; dealing with work stressors; and understanding, remembering, and carrying out complex job instructions. He rated her ability fair—i.e., limited but satisfactory—as to detailed but not complex instructions. Adopting the mental limitations from his hypothetical to the VE, the ALJ subsequently found that Gagne was able to work as an information or appointment clerk and thus was not disabled.

On appeal, Gagne argues the ALJ erred by not submitting a new hypothetical to the VE based upon the consulting psychiatrist's findings, specifically his findings regarding job instructions, coworker and supervisor relations, and work stressors.

Having carefully reviewed the record, see Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000) (standard of review), we find no support for Gagne's contention that, without the consulting psychiatrist's findings, the ALJ's hypothetical did not accurately state her mental limitations. We thus conclude that the ALJ could rely on the VE's

testimony in determining Gagne was capable of gainful employment. <u>See</u> <u>Hutton v. Apfel</u>, 175 F.3d 651, 656 (8th Cir. 1999) (testimony of VE based upon properly phrased hypothetical constitutes substantial evidence). We note that the identified jobs do not involve complex job instructions, <u>see</u> 20 C.F.R. § 404.1568(a) (1998) (defining unskilled work), that Gagne had satisfactory ability with respect to detailed instructions, and that the ALJ was not required to adopt the psychiatrist's findings if he found them unsupported by the record, <u>see</u> <u>Pierce v. Apfel</u>, 173 F.3d 704, 707 (8th Cir. 1999) (government does not have to accept expert's conclusions simply because government hired expert to evaluate claimant).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-