# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3496

_____

Penny M. Thunburg,      *
     *
     Appellant,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    Eastern District of Arkansas.
Kenneth S. Apfel, Commissioner,      *
Social Security Administration,      *      [UNPUBLISHED]
     *
     Appellee.      *

_____

Submitted: July 28, 2000
Filed: August 3, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Penny Thunburg appeals the District Court's[1] grant of summary judgment in favor of the Social Security Commissioner, upholding the decision to deny Thunburg's application for disability insurance benefits. Having carefully reviewed the record, see Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000) (standard of review), we affirm.

_____

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c) (1994 & Supp. IV 1998).

Thunburg applied for benefits in November 1995, alleging that she could not work because of back and left-side pain, rectal bleeding, migraines, and asthma. After her applications were denied initially and upon reconsideration, a hearing was held before an administrative law judge (ALJ). The ALJ concluded Thunburg was capable of performing certain light work identified by a vocational expert (VE) at the hearing, and thus she was not disabled.

On appeal, Thunburg argues that the ALJ's mental residual functional capacity (RFC) findings are not supported by the record in light of Dr. Robert Yoder's global-functioning rating[2] and the finding of Dr. Kathryn Gale (a Social Security Administration physician) that Thunburg was often deficient in concentration, persistence, or pace. She also asserts that the ALJ did not explain his mental RFC findings or his discounting of Dr. Yoder's opinion. We disagree. The ALJ was not required to adopt Dr. Yoder's rating because it was inconsistent with Thunburg's treating psychiatrist's records and unsupported by Dr. Yoder's own notes and Thunburg's hearing testimony. See Pierce v. Apfel, 173 F.3d 704, 707 (8th Cir. 1999) (government does not have to live with expert's conclusions simply because government hired expert to evaluate claimant; ALJ may reject expert's conclusions if they are inconsistent with record as whole); cf. Johnson v. Chater, 87 F.3d 1015, 1018 (8th Cir. 1996) (where treating physician's opinion is itself inconsistent, it should be accorded less deference). The ALJ specifically referred to Dr. Yoder's evaluation, and thus it is likely he considered and rejected the global-functioning rating. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998). As to the ALJ's explanation of his mental RFC findings, although we question his explanation, we find his ultimate

_____

[2]Dr. Yoder, a consulting psychiatrist, rated Thunburg at 30, meaning her behavior is considerably influenced by delusions or hallucinations, or she has serious impairment in communication or judgment, or she is unable to function in almost all areas ("e.g., stays in bed all day; no job, home, or friends"). See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 1994) (DSM-IV).

conclusion—that Thunburg could perform specific light-work jobs—supported by substantial evidence in the record as a whole. Even giving Thunburg the benefit of Dr. Gale's "often deficient" rating, such a rating is not incompatible with the ability to perform a work-related function, see 20 C.F.R. § 404.1520a(b)(3) (1999), and, after rating Thunburg's abilities to perform work-related functions, Dr. Gale concluded she was capable of performing specific types of jobs.

Relying on certain sections of the Programs Operations Manual System (POMS), Thunburg seems to contend that the ALJ's RFC findings mandate a conclusion that she is disabled. Two of the cited sections, however, relate to sedentary—not light—work. Moreover, the POMS guidelines are not binding. See Berger v. Apfel, 200 F.3d 1157, 1161 (8th Cir. 2000). Thunburg also asserts she cannot perform light work because she walks with a cane, see 20 C.F.R. § 404.1567(b) (1999) (light work may require "a good deal of walking"), but she reported that she walked one to two miles a day and that her physician had advised her to do so. Moreover, the ALJ's conclusion that she could perform certain light-work jobs was based on his hypothetical to the VE which included some walking limitations.

We further conclude that the ALJ properly discredited Thunburg's subjective complaints to the extent alleged, see Gray v. Apfel, 192 F.3d 799, 803-04 (8th Cir. 1999); that his hypothetical to the VE was adequate, see Prosch, 201 F.3d at 1015; and that he properly considered the combination of Thunburg's impairments, see Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-