# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4012

_____

Edward S. Case,                              *
                                             *
            Appellant,                       *
                                             *    Appeal from the United States
      v.                                     *    District Court for the
                                             *    Western District of Missouri.
Jo Anne B. Barnhart, Commissioner of         *
Social Security,                             *         [UNPUBLISHED]
                                             *
            Appellee.                        *

_____

Submitted: January 20, 2006
    Filed: January 30, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

      Edward Case (Case) appeals the district court's[1] order affirming the denial of
disability insurance benefits and supplemental security income. Having carefully
reviewed the record and considered Case's arguments, we affirm. See Draper v.
Barnhart, 425 F.3d 1127, 1130 (8th Cir. 2005) (standard of review).

_____

      [1]The Honorable Nanette K. Laughrey, United States District Judge for the
Western District of Missouri.

Case first argues the administrative law judge (ALJ) was precluded from discrediting his complaints of disabling back pain because it is undisputed Case had chronic back pain and the ALJ acknowledged it. We disagree. The ALJ gave multiple valid reasons for finding Case's subjective complaints not entirely credible, and the ALJ could acknowledge Case's back pain, but still find Case not credible as to whether his back pain was disabling. See Goff v. Barnhart, 421 F.3d 785, 792 (8th Cir. 2005) (this court will not disturb decision of ALJ who considers, but for good cause expressly discredits, claimant's complaints of disabling pain); Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002) (while there is little doubt claimant has pain, issue is whether pain is so severe as to be disabling).

We also reject Case's challenges to the ALJ's residual functional capacity (RFC) findings. The ALJ considered Case's chronic back pain in making his RFC determination by including a sit-stand option, limiting Case to lifting no more than ten pounds–which was consistent with Case's 2002 testimony that he could lift five to ten pounds–and restricting Case's bending. See Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (in determining RFC, ALJ must consider medical records, observations of treating physicians and others, and claimant's own description). Further, the ALJ included in his RFC nonexertional limitations related to Case's chronic back pain and depression: he found Case moderately limited in social functioning and daily activities, and he found Case could seldom bend, could not climb stairs, and could not do repetitive activities with his right hand or overhead work. To the extent Case suggests the ALJ should have found significant limitations in concentration or memory, the psychological records do not support such limitations.

Finally, Case argues the ALJ should have included the need to lie down during the day in his hypothetical to the vocational expert. We conclude the ALJ properly relied on the testimony of a medical expert (ME) that he found no objective basis for the need to lie down. See Goff, 421 F.3d at 794 (hypothetical is sufficient if it sets

forth impairments supported by substantial evidence in record and accepted as true); Harris v. Barnhart, 356 F.3d 926, 930 (8th Cir. 2004) (whether there is need to lie down is medical question requiring medical evidence; record did not contain any evidence that medical condition required claimant to lie down for hours each day and court could not fault ALJ for relying on ME's testimony that record did not support finding of significant fatigue).

Accordingly, we affirm.

_____