**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

—————————————————

SIDNEY A. BOSS,

        Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

        Defendant-Appellee.

No. 02-7114
(D.C. No. 01-CV-524-S)
(E.D. Okla.)

—————————————————

ORDER AND JUDGMENT  *

—————————————————

Before **BRISCOE** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

—————————————————

    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

    *    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Sidney A. Boss appeals from a district court order affirming the Commissioner's decision denying his application for social security disability benefits. The district court concluded that substantial evidence supported the administrative law judge's (ALJ) determination that plaintiff was not disabled within the meaning of the Social Security Act because, despite his limitations, plaintiff was able to perform a significant number of jobs that exist in the national economy. We affirm.

## I.

Plaintiff filed his application for benefits in 1996, alleging inability to work due to back, hip, and leg pain, as well as depression. His application was denied initially and on reconsideration. Following a hearing, the ALJ found that plaintiff was impaired by degenerative disc disease of the lumbosacral spine, but that this impairment did not meet or equal an impairment listed in 20 C.F.R. pt. 404, subpt. P, App. 1. The ALJ further found that plaintiff's limitations precluded him from doing his past relevant work involving medium and heavy labor, but that he retained the residual functional capacity to perform a wide range of light work that exists in the national economy. Thus, the ALJ concluded that plaintiff was not disabled at step five of the Commissioner's five-step sequential process for determining disability. *See* 20 C.F.R. § 404.1520(f); *Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing the five-step process).

Plaintiff sought review by the Appeals Council and provided additional evidence that included medical records from one of his treating physicians, Dr. White. After reviewing the entire record, including this additional evidence, the Appeals Council denied plaintiff's request for review. Plaintiff then sought judicial review in the district court, which affirmed the Commissioner's decision. On appeal, plaintiff alleges that the ALJ failed to properly evaluate the various medical source opinions presented in his case.

## II.

When we review a disability determination, "we closely examine the record as a whole to determine whether [the Commissioner's] decision is supported by substantial evidence and adheres to applicable legal standards." *Berna v. Chater,* 101 F.3d 631, 632 (10th Cir. 1996) (quotation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *O'Dell v. Shalala,* 44 F.3d 855, 858 (10th Cir. 1994) (quotations omitted). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *Id.* In the course of our review, "we neither reweigh the evidence nor substitute our judgment for that of the [Commissioner]." *Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).

Plaintiff concedes that the ALJ's finding concerning plaintiff's ability to stand and walk is supported by the opinion of Dr. Tillim, plaintiff's other treating physician, as well as the opinions of the nonexamining state agency doctors. He argues, however, that the ALJ's decision is inconsistent with the opinion of Dr. White and the opinions of two examining physicians, Drs. Hastings and Martin. Plaintiff's primary arguments on appeal concern the ALJ's rejection of Dr. White's opinion.

At the time of his hearing, plaintiff was unable to produce any of the medical records from his visits to Dr. White. Plaintiff did produce, however, Dr. White's "Medical Assessment of Ability To Do Work-Related Physical Activities." Aplt. App., Vol II at 289-91. In that document, Dr. White expressed her opinion that plaintiff could not sit, stand, or walk long enough to work a full eight-hour day; that he was unable to bend, squat, crawl, climb, or reach; that he was limited in the repetitive use of his feet; and that he should be restricted from working at unprotected heights. Based on the record as it existed at that time, the ALJ rejected Dr. White's opinion, stating that "there was no medical testing to support [Dr. White's] conclusion [and] [i]t appears that the assessment was based upon subjective complaints by claimant." Aplt. App., Vol II at 35. Sometime after the ALJ's decision, plaintiff obtained Dr. White's medical records and

-4-

submitted them to the Appeals Council. The Appeals Council expressly considered this new evidence in its decision denying review.

On appeal, plaintiff argues that, because Dr. White's records were not a part of the administrative record at the time, the ALJ's decision to reject Dr. White's opinion as unsupported by medical testing was improper. Specifically, plaintiff argues that "the ALJ could not have known whether there was medical testing or not because he never saw Dr. White's medical records," Aplt. Br. at 8, and "[t]he ALJ could not have given a legitimate reason for rejecting Dr. White's opinion without first seeing her records." Aplt. Br. at 13. This argument implicates the ALJ's duty to fully develop the administrative record.

The hearing transcript in this case reveals that plaintiff's counsel informed the ALJ of the existence of Dr. White's records and of counsel's inability to obtain them. At that time, the ALJ asked counsel if he wanted the ALJ to subpoena the records. Counsel declined, stating, "Just request them first." Aplt. App., Vol. II at 96. The ALJ then stated, "Put that in a post hearing sheet, may request records from Dr. White." *Id.* After that colloquy, however, the record is silent as to whether any attempts were made by the ALJ to secure the relevant medical evidence. Nine months later, the ALJ issued his decision rejecting Dr. White's assessment without the benefit of her records.

While it is beyond dispute that the burden to prove disability in a social security case is on the claimant, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." *Carter v. Chater,* 73 F.3d 1019, 1022 (10th Cir. 1996). "This is true despite the presence of counsel, although the duty is heightened when the claimant is unrepresented." *Henrie v. United States Dep't of Health & Human Servs.,* 13 F.3d 359, 361 (10th Cir. 1993). Having been made aware of the existence of Dr. White's records, the ALJ was required to "make every reasonable effort to help [plaintiff] get medical reports from [plaintiff's] own medical sources." 20 C.F.R. § 404.1512(d). Nevertheless, in this case plaintiff ultimately secured the relevant records and provided them to the Appeals Council for review. The Appeals Council specifically considered the records, but concluded that they did not establish a basis for changing the ALJ's decision. This circuit has held that, when the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision that is reviewed for substantial evidence. *See O'Dell,* 44 F.3d at 858. The record to be considered on review, however, includes all of the evidence before the Appeals Council, including new evidence that was not before the ALJ. *Id.* at 859.

Had this new evidence contradicted the ALJ's reasons for rejecting Dr. White's medical assessment, plaintiff's allegations of error might prevail. In this case, however, the new evidence merely confirms the ALJ's determination. After independently reviewing Dr. White's medical records, we agree with the district court that those records are consistent with a finding that plaintiff is not disabled, as the records show consistently marginal complaints of back pain, no significant restrictions on plaintiff's ability to function, and no evidence of any significant diagnostic testing. Aplt. App., Vol. I at 35. Accordingly, the ALJ's decision to reject Dr. White's opinion because it lacked support from medical testing and because it appeared to be based on plaintiff's subjective complaints is supported by substantial evidence.

Plaintiff next argues that the ALJ did not properly evaluate the medical source opinions, especially the opinion of Dr. White. We disagree. An ALJ is required to consider every medical opinion in the record. 20 C.F.R. § 404.1527(d). The weight an ALJ must give each opinion, however, varies according to the relationship between the medical professional and the claimant. *See id;* Social Security Ruling 96-6p, Soc. Sec. Rep. Serv., Rulings 1992-2002, 129, 130 (West 2002) (hereinafter SSR 96-6p). An ALJ is required to give "controlling weight" to a treating source's opinion, so long as it is "well-supported" and "is not inconsistent with the other substantial evidence in [the]

record." 20 C.F.R. § 404.1527(d)(2). If the treating source's opinion is not given controlling weight, the regulations provide a list of factors to be used in determining its appropriate evidentiary weight, including, among other things, support from relevant medical evidence and consistency between the opinion and the record as a whole. *Id.* § 404.1527(d)(2)-(6). "When a treating [source's] opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other [source's] reports to see if they outweigh the treating [source's] report, not the other way around." *Goatcher v. United States Dep't of Health & Human Servs.,* 52 F.3d 288, 290 (10th Cir. 1995) (quotations omitted). If an ALJ rejects a treating source's opinion, he must articulate "specific, legitimate reasons" for his decision. *Id.* The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all. *See* 20 C.F.R. § 404.1527(d)(1), (2); SSR 96-6p at 130-31.

As stated previously, the ALJ rejected Dr. White's opinion for the reasons that it was unsupported by medical testing and appeared to be based on plaintiff's subjective complaints. These reasons are sufficiently specific and legitimate pursuant to the Commissioner's regulations. *See Castellano v. Sec'y of Health & Human Servs.,* 26 F.3d 1027, 1029 (10th Cir. 1994); *accord Rankin v. Apfel,* 195 F.3d 427, 430 (8th Cir. 1999) (holding that a treating physician's opinion was

properly discredited because it was "based heavily on [claimant's] subjective complaints and [was] at odds with the weight of the objective evidence"). The ALJ then examined the remaining medical source opinions and properly weighed them according to the hierarchy and factors set forth in the Commissioner's regulations. While this case presents conflicting medical evidence, the record reveals that the ALJ acted within his province to determine the appropriate weight to be attributed to the evidence in order to resolve the conflict. *See Casias,* 933 F.2d at 801. Consequently, plaintiff's arguments are without merit.

## IV.

Our review of the ALJ's decision, the medical record, and the applicable law convinces us that the ALJ's decision adheres to applicable legal standards and that substantial evidence supports the ALJ's determination that, despite his limitations, plaintiff could perform a significant number of jobs that exist in the national economy. Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge