# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1431

_____

Robert J. Cain,                                  *
                                                 *
    Plaintiff - Appellant,              *
                                                 *    Appeal from the United States
v.                                               *    District Court for the
                                                 *    Western District of Missouri.
Jo Anne B. Barnhart, Commissioner of             *
Social Security,                                 *    **[UNPUBLISHED]**
                                                 *
    Defendant - Appellee.               *

_____

Submitted: June 12, 2006
   Filed:  September 18, 2006

_____

Before LOKEN, Chief Judge, ARNOLD, Circuit Judge, and DOTY,[*] District Judge.

_____

PER CURIAM.

Robert Cain applied for disability and supplemental security income benefits under Title II and Title XVI of the Social Security Act.  42 U.S.C. §§ 401 et seq., 1381 et seq.[1]  Cain claims that he has been continuously disabled since June 1, 2001,

_____

[*]The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota, sitting by designation.

[1]"Though there are some different threshhold eligibility requirements . . . the analysis for determining disability is identical under both programs."  Russell v. Sullivan, 950 F.2d 542, 543 n.2 (8th Cir. 1991).

by a combination of physical and mental impairments -- Crohn's disease, hepatitis C, neck and back pain, degenerative bone disease, chronic fatigue, migraine headaches, depression, anxiety, and impaired memory. After an evidentiary hearing, the administrative law judge ("ALJ") denied the applications, finding that Cain is not disabled because, though unable to perform his past relevant work due to medically determinable impairments, he is able to perform the light unskilled jobs of routing clerk and scale operator.

Cain then filed this lawsuit seeking judicial review of the agency's adverse final decision. Applying the proper standard of review, the district court[2] affirmed the denial of benefits, concluding that the ALJ's decision is supported by substantial evidence on the administrative record as a whole. See Dolph v. Barnhart, 308 F.3d 876, 877 (8th Cir. 2002). Cain appeals, arguing that the ALJ and the district court failed to give controlling weight to the opinion of Cain's treating physician and improperly discredited Cain's subjective testimony concerning the impact of his physical and mental impairments. Applying the same substantial evidence standard of review, we affirm.

Medical records reflect that Dr. Charles Spears was one of Cain's treating physicians after 1999, primarily prescribing medications to treat Cain's anxiety and depression. In November 2003, Dr. Spears completed physical and mental "medical source statements" (MSS), forms on which Dr. Spears assessed, through a series of check marks, the impact of Cain's physical and mental impairments on his physical strength, posture, manipulative ability, pain, understanding and memory, concentration and persistence, social interaction, and adaption. At the hearing, a vocational expert testified that, if the limitations enumerated by Dr. Spears are credited, Cain cannot perform the work of any occupation and is disabled.

---

[2]The HONORABLE JOHN T. MAUGHMER, United States Magistrate Judge for the Western District of Missouri

Though none of his other treating physicians opined that Cain is unable to work, Cain argues, as he did to the district court, that the ALJ was obliged to give controlling weight to the opinions expressed by Dr. Spears on the MSS forms. A treating physician's opinion does not automatically control, but we give it controlling weight "if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir. 2005) (quotation omitted). However, a physician's medical source statement addresses the applicant's residual functional capacity to work, which is a determination the Commissioner must make. See Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005). A treating physician's checkmarks on an MSS form are conclusory opinions that may be discounted if contradicted by other objective medical evidence in the record. See Stormo v. Barnhart, 377 F.3d 801, 805-06 (8th Cir. 2004); Hogan v. Apfel, 239 F.3d 958, 961 (8th Cir. 2001); Social Security Ruling 96-2p, *Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions* (July 2, 1996).

In this case, the ALJ partially discounted Dr. Spears's opinions reflected on the MSS forms because (i) Dr. Spears gave no explanation for his physical assessments, which are not supported by his treatment notes and are inconsistent with the other medical evidence; (ii) Dr. Spears is not a psychiatrist and performed no structured psychological evaluation supporting his assessment of Cain's mental impairments; and (iii) two consulting specialists, a neurologist and a psychologist, separately examined Cain and disagreed with Dr. Spears regarding the severity of his physical and mental impairments. In addition, counsel for the Commissioner argues on appeal that Dr. Spears's opinions were inconsistent with Cain's own testimony regarding his daily activities (for example, Dr. Spears opined that Cain can "never" see near or far or distinguish depth perception, whereas Cain testified that he drives a vehicle every day and regularly watches television). Considering the administrative record as a whole, as we must, we agree with the district court that substantial evidence supports the ALJ's decision to discount the severity of Cain's limitations reflected on the MSS

forms completed by Dr. Spears.  <u>See</u> <u>Goff v. Barnhart</u>, 421 F.3d 785, 790-91 (8th Cir. 2005).

Cain next argues that the ALJ erred in discrediting Cain's subjective testimony that he suffers from disabling pain, fatigue, and mental impairments.  We disagree.  The ALJ's opinion states that he evaluated Cain's subjective complaints under the proper standards.  <u>See</u> 20 C.F.R. 416.929(c)(3); <u>Polaski v. Heckler</u>, 739 F.2d 1320 (8th Cir. 1984).  The ALJ found that Cain's "medically determinable impairments could reasonably be expected to produce pain and other symptoms."  However, the ALJ discounted Cain's testimony of "debilitating daily symptoms" because this testimony was not supported by medical evidence or by other objective evidence of disabling symptoms, and because Cain's sporadic work record weighed against his credibility.  "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts."  <u>Pearsall v. Massanari</u>, 274 F.3d 1211, 1218 (8th Cir. 2001).  Like the district court, we conclude that the ALJ's credibility findings are supported by substantial evidence on the record as a whole.

The judgment of the district court is affirmed.

_____