# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 14-1395

———————————————

Dan Gieseke

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner

*Defendant - Appellee*

———————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

———————

Submitted: September 11, 2014
Filed: November 3, 2014

———————

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

———————

LOKEN, Circuit Judge.

An Administrative Law Judge ("ALJ") concluded that Dan Gieseke was not disabled and denied his applications for Social Security disability insurance benefits and supplemental security income. Gieseke sought judicial review of the adverse

agency decision and now appeals the district court's[1] decision denying relief. Like the district court, we conclude that the ALJ's determination is supported by substantial evidence on the administrative record as a whole and therefore affirm. Welsh v. Colvin, 765 F.3d 926, 927 (8th Cir. 2014) (standard of review).

## I.

Gieseke's long history of low back pain was aggravated by a work injury in 2006. After physical therapy, he returned to work subject to restrictions. He last worked in October 2008. His disability application listed lower back issues, dizziness, and leg problems as limiting conditions that prevent him from working.

After a hearing at which Gieseke and a vocational expert ("VE") testified, the ALJ found that Gieseke has severe impairments -- degenerative disc disease of the lumbar spine, obesity, and a history of substance abuse. He can lift and carry twenty pounds occasionally and ten pounds frequently; can stand and sit for six hours a day; can occasionally balance, stoop, kneel, crouch, or crawl; should never be around heights or moving machinery or be required to climb ropes, ladders, or scaffolds; and requires a cane when standing. He is unable to perform his past relevant work. He has the residual functional capacity ("RFC") to perform light work but is impeded by limitations that "erode the unskilled light occupational base." Crediting the VE's answer to a hypothetical question incorporating these limitations, the ALJ found that Gieseke has the RFC to perform cashier, security guard, and usher positions that exist in sufficient numbers in the national economy and in Iowa to render him not disabled.

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

## II.

**A.** Gieseke argues the ALJ erred in not giving controlling weight to the opinion of Gieseke's treating physician, Dr. Alan Bollinger. Responding in December 2011 and July 2012 to forms listing the Social Security Administration's ("SSA") estimates of Gieseke's physical limitations, Dr. Bollinger opined that Gieseke was limited to lifting less than ten pounds occasionally or frequently, standing for less than two hours per workday, frequently changing sitting position during the workday, and never climbing, stooping, kneeling, crouching, or crawling. These limitations, substantially more restrictive than the ALJ's RFC findings, would mean that Gieseke was unable to perform the full range of sedentary work. At his age, education, and work history, this requires a finding that he is disabled under the SSA's "Grids." See 20 C.F.R. Pt. 404, Subpt. P, App. 2, tbl. 1.

"A treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." House v. Astrue, 500 F.3d 741, 744 (8th Cir. 2007) (quotation omitted). Here, like the district court, we conclude that substantial evidence supports the ALJ's decision to give no weight to Dr. Bollinger's opinions. The opinions were not supported by objective medical evidence in the administrative record, which showed degenerative lumbar disc disease that did not require surgery and a normally-aligned spine. Based almost entirely on Gieseke's subjective complaints, Dr. Bollinger's opinions were rejected by two state agency medical advisors, who reviewed the medical file and concluded that Dr. Bollinger based his opinions on minimal exams, and that the imaging evidence did not support the level of impairment Dr. Bollinger found. In addition, Dr. Robert Bender performed an SSA physical exam in May 2012 that did not corroborate Dr. Bollinger's assessment. Dr. Bender noted that Gieseke's alleged symptoms did not match his medical history or "heavily muscled" body.

**B.**  Gieseke argues that the SSA Grids require a determination that he is disabled, specifically, 20 C.F.R. Pt. 404, Subpt. P, App. 2 , § 201.00(g) and Table No. 1, § 201.10.  However, both those provisions are premised on an RFC that limits the claimant to sedentary work.  Here, the ALJ found that Gieseke has the RFC to perform a range of light work.  Gieseke's only challenge to that finding is that the ALJ should have given controlling weight to Dr. Bollinger's opinion that Gieseke is limited to sedentary work.  Thus, our conclusion that the ALJ did not err in giving Dr. Bollinger's opinion no weight forecloses his contention that the Grids required a determination that he is disabled.

**C.**  When a claimant cannot perform his past relevant work, the Commissioner has the burden of producing evidence that he has the RFC to adjust to other work.  See 20 C.F.R. § 404.1520(a)(4)(v);  Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004).  In making this determination, the ALJ may rely on testimony by a VE that is "based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies."  Cox v. Astrue, 495 F.3d 614, 620 (8th Cir. 2007).  Here, responding to the ALJ's proper hypothetical question, the VE identified unskilled light jobs from the Dictionary of Occupational Titles ("DOT") that Gieseke can perform even though he must use a cane when standing -- cashier, DOT 211.462-010; security guard, DOT 372.667-038; and usher, DOT 344.677-014. The VE testified that being limited to use of one arm when standing would reduce by ten to twenty percent the number of jobs in those categories a person can perform. The VE based this estimate on a 2008 study in the Journal of Forensic Vocational Analysis entitled "Employer Validation of Jobs Performed with One Arm."

Gieseke argues that this testimony created an unexplained conflict between the VE's testimony and the DOT that requires remand for an additional hearing.  See generally Welsh, 765 F.3d at 929-30.  We agree with the district court there was no conflict.  The DOT provides "generic job descriptions that offer the approximate maximum requirements for each position," not the number of jobs that exist in each

category. <u>Wheeler v. Apfel</u>, 224 F.3d 891, 897 (8th Cir. 2000). Thus, when a claimant has a limitation that affects his ability to perform every job within a generic range, such as Gieseke's need to use a cane, the VE may reduce his estimate of the number of existing jobs the claimant can perform. <u>Welsh</u>, 765 F.3d at 930. Implicitly recognizing that this type of testimony does not create a "conflict" with the DOT, Gieseke argues the VE's testimony was unreliable because it was based on a <u>Journal of Forensic Vocational Analysis</u> study, rather than her own experience. That issue is judicially reviewable. But as we explained in <u>Welsh</u>, whether "the VE's explanations were based upon insufficient personal experience and unreliable scholarly literature . . . were fact issues for the ALJ to resolve." <u>Id</u>. The ALJ deemed the VE's testimony reliable. After careful review, we conclude that substantial evidence supports the ALJ's finding that a person with Gieseke's RFC can perform a sufficient number of existing jobs based on the VE's testimony.

The judgment of the district court is affirmed.

_____