# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1351
_____

Tylitha Davis

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: December 11, 2014
Filed: December 17, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Tylitha Davis appeals the district court's[1] order affirming the denial of child's insurance benefits (CIB) and disability insurance benefits (DIB).  We find that substantial evidence on the record as a whole supports the administrative law judge's (ALJ's) determination that Davis's substance abuse was a contributing factor material to a determination of disability, and thus she was not disabled from her alleged onset date through the date of the ALJ's opinion.  See Smith v. Colvin, 756 F.3d 621, 625 (8th Cir. 2014) (de novo review); see also Vester v. Barnhart, 416 F.3d 886, 888 (8th Cir. 2005) (in determining whether substance abuse is material, claimant has burden of showing that she would still be disabled if she were to stop using drugs and alcohol).  As to Davis's challenges to the credibility findings, the ALJ was not required to discuss methodically the requisite credibility factors, and the ALJ cited several valid reasons for the adverse credibility findings.  See McDade v. Astrue, 720 F.3d 994, 998 (8th Cir. 2013) (credibility determination is entitled to deference if supported by good reasons and substantial evidence).  Davis's challenges to the ALJ's amended residual functional capacity (RFC) determination, and her related challenge to a hypothetical to a vocational expert (VE), also provide no basis for reversal.  The RFC opinions of two treating physicians and the global assessment of functioning ratings upon which Davis relies did not relate to the period at issue here, because Davis was required to show that she was disabled before she turned 22 to qualify for CIB, see 42 U.S.C. § 402(d), and before her date last insured to qualify for DIB, see Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006).  Thus, the ALJ properly relied on the VE's testimony in response to the hypothetical, as it captured the concrete consequences of Davis's deficiencies.  See Gieseke v. Colvin, 770 F.3d 1186, 1189 (8th Cir. 2014).  The judgment of the district court is affirmed.

————————————————

[1]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Erin Setser, United States Magistrate Judge for the Western District of Arkansas.