# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1352

_____

Timothy Walters

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: September 23, 2015
Filed: October 5, 2015
[Unpublished]

_____

Before WOLLMAN, BYE, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Timothy Walters appeals the district court's[1] order affirming the denial of supplemental security income and disability insurance benefits. We agree with the district court that the administrative law judge's (ALJ's) decision is supported by substantial evidence on the record as a whole. See Lott v. Colvin, 772 F.3d 546, 548-49 (8th Cir. 2014) (de novo review). We find no basis in the record for Walters's suggestion that his impairments met certain listings. See Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (summarily rejecting conclusory assertion that ALJ failed to consider whether claimant met certain listings). We also find no basis for his challenge to the ALJ's determinations that some of his allegedly disabling impairments were not severe, see Kirby v. Astrue, 500 F.3d 705, 707-08 (8th Cir. 2007) (it is claimant's burden to show that impairment is severe; if impairment has no more than minimal effect on claimant's ability to work, it does not qualify as severe); that his subjective complaints were not entirely credible, see McDade v. Astrue, 720 F.3d 994, 998 (8th Cir. 2013) (deferring to ALJ's credibility determination where it is supported by valid reasons and substantial evidence); or that he retained the residual functional capacity (RFC) to perform light unskilled work with some additional restrictions, see Martise v. Astrue, 641 F.3d 909, 923 (8th Cir. 2011) (claimant has burden of establishing RFC); Jones v. Astrue, 619 F.3d 963, 971 (8th Cir. 2010) (factors in RFC determination); see also Gieseke v. Colvin, 770 F.3d 1186, 1189 (8th Cir. 2014) (ALJ properly relies on vocational expert's testimony when hypothetical to vocational expert captures concrete consequences of claimant's deficiencies). The judgment of the district court is affirmed.

_____

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).