# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3560
_____

Edward James Norwood

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner, Social Security Administration

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: May 13, 2022
Filed: May 31, 2022
[Unpublished]
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Edward Norwood appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. We find that the Commissioner's decision is supported by substantial evidence in the record as a whole. See Kraus v. Saul, 988 F.3d 1019, 1023-24 (8th Cir. 2021) (standard of review).

Specifically, we conclude the administrative law judge (ALJ) properly evaluated Norwood's subjective complaints, see Schwandt v. Berryhill, 926 F.3d 1004, 1012 (8th Cir. 2019) (this court defers to ALJ's determinations regarding claimant's subjective complaints if they are supported by good reasons and substantial evidence); Buckner v. Astrue, 646 F.3d 549, 558 (8th Cir. 2011) (ALJ properly found claimant's subjective complaints were not supported by objective medical evidence); Brown v. Astrue, 611 F.3d 941, 955-56 (8th Cir. 2010) (claimant's daily activities undermined her subjective complaints), and his wife's testimony, see Schwandt, 926 F.3d at 1012 (ALJ may properly give less weight to lay witness statements that are inconsistent with record). Further, the ALJ properly evaluated Dr. Mears's opinion in determining Norwood's residual functional capacity, see 20 C.F.R. §§ 404.1520c(c), 416.920c(c) (adjudicator considers opinion more persuasive if it is supported by explanation and relevant objective medical evidence, and is consistent with other evidence in record), and any error in failing to explain the inconsistencies in Dr. Page's opinion was harmless, see Grindley v. Kijakazi, 9 F.4th 622, 630 (8th Cir. 2021) (inconsistency in ALJ's decision was harmless error, as case was not close call, and record otherwise contained substantial evidence establishing matter at issue). Finally, we find no merit to Norwood's argument that the ALJ should have applied Medical-Vocational Rule 201.12. See Gieseke v. Colvin, 770 F.3d 1186, 1189 (8th Cir. 2014) (court's conclusion that ALJ

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas.

did not err in finding claimant capable of performing light work foreclosed his argument that finding of disability was required under sedentary Medical-Vocational Rule).

The judgment is affirmed.

_____